

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTI ADMIRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-0579** |
| **JACK STRAIN, ET AL.** | **SECTION "K"(4)** |

## ORDER AND REASONS

Before the Court are a Motion to Dismiss Amended Title VII Complaints (Doc. 26) filed by Rodney J. Strain, in his official capacity as Sheriff of St. Tammany Parish ("Sheriff Strain"), Marlin Peachey ("Peachey") and Scott Knight ("Knight"); a Motion to Dismiss § 1983 Claims (Doc. 31) filed by Sheriff Strain, Peachey and Knight; and a Motion to Stay filed by plaintiff Kristi Admire ("Admire"). Having reviewed the pleadings, memoranda, and the relevant law, the Court is prepared to ruled thereon.

### Background

Admire was an employee of the St. Tammany Parish Sheriff's Office. On February 27, 2004, she filed the instant suit initially seeking redress under 42 U.S.C. § 1983 alleging a gender based violation of the Equal Protection Clause by virtue of her having failed to be promoted. She sued Sheriff Strain and Peachey. She alleged that Peachy had disciplined females more harshly than

males, that he gave males greater training opportunities than females and that his promotion standards were arbitrary and unfair. She alleged that Strain failed to provide proper oversight supervision.

On March 19, 2003, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC) pursuant to 42 U.S.C. § 2000e which alleged as follows:

I.    During the period from June 5, 2002 to March 6, 2003 I was subjected to harassment in the form of an unfair disciplinary suspension and denial of promotion to both the Corporal and Sargent positions on about six occasions. I have been employed by the Respondent for more than two years.

II.   I was informed by Warden Peachey that I was being suspended because I violated department policy when a I made a traffic stop while having inmates in my charge. He later told me that it was his personal belief that if a deputy is suspended they should serve a six month probationary period. This was his explanation for denying me promotions.

III.  I believe that I have been discriminated against because of my sex, Female, in violation of Title VII.

(Doc. 31, Exh. 1). Notably, the factual allegations concerning disparate treatment as regards training and promotion that were contained in the § 1983 lawsuit were not included in this charge.

On March 23, 2004, the EEOC issued its Dismissal and Notice of Rights finding that it was unable to conclude that the information obtained established violation of the relevant statute. On April 26, 2004, Admire filed a First Amended and Supplemental Complaint Filed Before Answer (Doc. 2) adding a claim based on the virtually the same activity claiming that the reasons previously given her for non-promotion were pretextual. She expanded her allegations of disparate treatment to include a "gender offensive environment" at the jail and that she was "retaliated against by her

2

supervisors by being subject to disproportionate review of her conduct and activities in violation of Title VII."

On May 3, 2005, Admire filed Plaintiff's Second Amended Complaint (Doc. 17) adding Scott Knight, Field Training Officer Manager alleging that he failed to adequately supervise field training, failed to implement objective training and evaluation standards and failed to assure equal treatment in all aspects of the Field Training Officer between males and females.  Admire was terminated on April 10, 2005 and alleged in this second complaint that the discharge violated her rights under Title VII based on gender and § 1983 based on her constitutional right to equal protection under color of law.  She then alleged a pattern and practice of gender based discrimination in training and promotion of females and that defendant's training and promotion policies have an adverse impact on females in the workplace thereby articulating specifically a classic disparate impact claim.

**The Motions Before the Court**

Defendants first filed a Motion to Dismiss Amended Title VII Complaints contending that as the retaliatory discharge, disparate discriminatory policies, disparate impact, hostile work environment and inequitable training opportunity had not been filed with the EEOC, plaintiff's failure to exhaust her administrative remedies under Title VII had resulted in this Court's not having jurisdiction over theses claims as the filing of such claims is a jurisdictional prerequisite. Furthermore, defendants maintain that the claims against plaintiff's supervisors Peachey and Knight

are redundant and should be dismissed.  Finally, they seek the dismissal of the punitive damage claim.

Defendants seek in their Motion to Dismiss § 1983 Claims the dismissal of those causes of action brought under § 1983.

Finally, plaintiff filed a Motion to Stay in the event that the Court found that she had not exhausted her administrative remedies with respect to the disparate treatment claims.  The Court will first dispose of the Motion to Dismiss the § 1983 claims.

**Standard Applicable for the Motions to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.  <u>Ramming v. United States,</u> 281 F.3d 158 (5th Cir. 2001).  As the Fifth Circuit has stated:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. <u>Hitt v. City of Pasadena</u>, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).  this requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.  I.  The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursing a claim in a court that does have jurisdiction.  <u>Id</u>.

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "'a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"   Id. citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Fifth Circuit explained:

> Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).  Further, "the plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true." Oppenheimer v. Prudential Securities, Inc. 94 F.3d 189, 194 (5th Cir. 1996).  This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. Hitt, 561 F.2d at 608.  In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th cir. 1992).  Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).

Id. at 161-62.


## Section 1983 Claims May Be Brought With Title VII Claims

Defendants contend that all of Admire's claims brought pursuant to § 1983 should be dismissed because they form textbook Title VII claims, and Admire does not raise other constitutional rights or implicate the Equal Protection Clause of the Fourteenth Amendment.  The Court finds no merit in this contention.

In *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit put to rest the issue as to whether the remedies under Title VII and § 1983 were co-extensive, reviewing two seminal cases, *Johnston v. Harris Country*

*Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989), *cert. denied*, 493 U.S. 1019 (1990) and

*Jackson v. City of Atlanta, Tx.*, 73 F.3d 60 (5th Cir. 1996), *cert. denied*, 519 U.S. 818 (1996). The

court noted that the *Jackson* decision had found that where claims under both Title VII and § 1983

were supported by the same underlying facts, Title VII provides the exclusive remedy. However,

the *Johnston* court had previously analyzed the relationship between Title VII and § 1983 and

explained, "Title VII is the exclusive remedy for a violation of its own terms, [but] when a public

employer's conduct violates both Title VII and a separate constitutional or statutory right, the injured

employee may pursue a remedy under § 1983 as well as under Title VII." *Southard*, 114 F.3d at 549.

As the *Johnston* decision pre-dated *Jackson*, the *Southard* court adopted the *Johnston*

approach and concluded:

> Although Title VII supplements and overlaps § 1983, it remains an exclusive
> remedy when a state or local employer violates only Title VII. When, however,
> unlawful employment practices encroach, not only on rights created by Title VII, but
> also on rights that are independent of Title VII, Title VII ceases to be exclusive. At
> this point, § 1983 and Title VII overlap, providing supplemental remedies.

*Id.* The *Southard* court then reasoned that as sexual harassment and sex discrimination in public

employment violate the Equal Protection Clause of the Fourteenth Amendment citing, *inter alia*,

*Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986), such claims are not precluded under §

1983. Likewise, in the case at bar, plaintiff has alleged facts supporting violations of the Equal

Protection Clause of the Fourteenth Amendment based unequal treatment based on gender. As such,

the § 1983 claims remain viable and the motion must be denied.

**Motion to Dismiss Title VII Claims and Plaintiff's Motion to Stay**

Clearly, a Title VII plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before filing a judicial complaint. 42 U.S.C. § 200e-5(f)(1); *Johnson v. MBNA Hallmark Information Serv. Inc.*, 2003 WL 21418670 (N.D. Tex. June 16, 2003) *citing Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997), *cert. denied*, 523 U.S. 1136 (1998). Furthermore, this requirement is jurisdictional in nature; the failure to do so "deprives the court of jurisdiction over the claims." *Johnson* at *1.

Thus,

> Civil complaints filed under Title VII may include only allegations of "discrimination like or related to allegations contained in the [EEOC] charge and growing out of such allegation during the pendency of the case before the Commission." *National Ass'n of Gov't Employees*, 40 F.3d at 711. Thus a Title VII plaintiff's claims could include those within the scope of the EEOC investiation that could reasonably have been expected to grow out of the charge. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

*Id.* However, if the claim raised with the EEOC would not put either the EEOC or the employer on notice of the alleged wrong-doing contained in the complaint, then the jurisdictional requirements as to that claims or claim has not been met. *Id.* In addition, if the non-exhausted claims arise from the same nucleus of operative facts that form the basis of the exhausted claims that are the subject of a filed suit, principles of *res judicata* would prevent adjudicating those initially non-exhausted claims in a subsequent suit. *Davis .v Dallas Area Rapid Transit.* 383 F.3d 309 (5th Cir. 2004)

In *Davis*, plaintiffs had filed a suit against DART and DART Chief of Police Juan Rodriguez ("Chief Rodriguez") alleging race discrimination and retaliation under Title VII and violations of

7

the First and Fourteenth Amendments under 42 U.S.C. § 1983 for actions that occurred between November 1998 and February 2001.  That first suit, *Davis I,* was dismiss in February 2002 with prejudice.  A second suit, *Davis II,* was filed alleging race discrimination, retaliation and hostile work environment in violation of Title VII and 42 U.S.C. § 1981(a).  Plaintiffs amended their complaint to include Chief Rodriguez under § 1983 and § 1988 for violations of the First and Fourteenth Amendments.  These claims were predicated on various incidents occurring between March 2001 and April 2002, including complaints that plaintiffs had been wrongly excluded for the lieutenant promotion process between December 2001 and April 2002.

The Fifth Circuit upheld the district court's conclusion that this second suit was barred by *res judicata.*  It found that the barred claims in *Davis II* and the wrongs alleged in *Davis I* constituted a series of connected transactions and were the same claim.  *Id* at 314.  Plaintiffs argued that they had properly excluded these claims from *Davis I* as they had not received the right-to-sue letter that is a condition precedent to filing a Title VII claim.  However, the Fifth Circuit instructed that the proper course would have been to have requested a stay in *Davis I* until they had received their letters.

In the case at bar, the gravamen of Admire's EEOC charge was that she subjected to harassment in the form of an unfair disciplinary suspension and denial of promotions to both the Corporal and Sargent positions on about six occasions because of her sex.  Defendants may be correct in their position that plaintiff's retaliatory discharge, disparate discriminatory policies, disparate impact, hostile work environment and inequitable training opportunity charges had not been filed with the EEOC.  However, since the filing of these motions, plaintiff has indeed filed a

8

second charge in connection with her Title VII Complaint under EEOC Charge No. 270-2005-05431, and has filed a Motion to Stay.

Thus, considering *Davis* which dictates that because of *res judicata* concerns a stay is the appropriate judicial action to take in these circumstances, the Court will deny the Motion to Dismiss Title VII Claims at this time[1] and will grant plaintiff's request to stay this matter. In the event that even after this second charge has been filed that this complaint still includes allegations of discrimination that are not like or related to allegations contained in the [EEOC] charges and growing out of such allegations during the pendency of the case before the Commission, defendants shall be allowed to re-urge the motion. Accordingly,

IT IS ORDERED that the Motion to Dismiss § 1983 Claims (Doc. 31) is **DENIED** .

IT IS FURTHER ORDERED that the Motion to Dismiss Amended Title VII Complaints (Doc. 26) is **DENIED** without prejudice to be re-urged at the conclusion of the EEOC proceedings should defendants deem it appropriate in light of this ruling.

---

[1] The Court reserves judgment as to whether any of these claims "grows out of" the original EEOC charge.

**IT IS FURTHER ORDERED** that Motion to Stay filed by plaintiff Kristi Admire is **GRANTED**. Plaintiff shall move to re-open this matter within fort-five days of the mailing of a final decision by the EEOC on  EEOC Charge No. 270-2005-05431.

Houma, Louisiana, this _____ day of November, 2005.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

10