## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTI ADMIRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-0579** |
| **RODNEY JACK STRAIN, ET AL.** | **SECTION "K"** |

### ORDER AND OPINION

Before the Court is the "Motion for Relief from Judgment Pursuant to Fed. R. Evid. 60" filed on behalf of plaintiff Kristi Admire. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

### BACKGROUND

The Court conducted a three day jury trial in this case addressing plaintiff's claims that her employer discriminated against her on the basis of her gender with respect to two promotion boards, including one held on July 26, 2002. Prior to trial, Lieutenant Katherine Brooks executed an affidavit and gave deposition testimony which plaintiff construed as favorable to her case with respect to her claim involving the July 26, 2002 promotion board. At trial plaintiff called Lieutenant Brooks as a witness. Her trial testimony was inconsistent with her affidavit and her deposition in a number of respects. Following the three day trial, the jury returned a verdict finding that Kristi Admire's employer did not discriminate against her "based on her gender with respect to the Corporal Promotion Board held on July 26, 2002" or "with respect to the Sergeant Promotion Board held in February 2003." Rec. Doc. 165. Thereafter, the Court entered judgment in favor of defendant Rodney Jack Strain, Jr. in his official capacity as Sheriff of St. Tammany Parish, and the other defendants dismissing plaintiff's complaint at her cost.

Plaintiff seeks relief from that judgment pursuant to Federal Rule of Evidence 60 (b) with respect to her discrimination claim involving the July 2002 Promotion board. Ms. Admire contends that Lieutenant Brooks's trial testimony constituted "surprise" as well as a misrepresentation or misconduct by an opposing party.

## LAW AND ANALYSIS

Rule 60 (b) of the Federal Rules of Evidence provides in pertinent part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  . . .
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  . . .
>
>  (6) any other reason that justifies relief.

Under Rule 60, the party seeking relief from the judgment has the burden of establishing its entitlement to relief, and the determination of whether the moving party has satisfied its burden is within the discretion of the district court. *Paneclad, Inc. v. Falcon Steel Structures, Inc*., 2002 WL 31663572 (E.D. La. November 26, 2002)(Engelhardt ); *Resolution Trust Corp. v. Holmes,* 846 F.Supp. 1310, 1314 (S.D. Tex. 1994).

Plaintiff contends that Lieutenant Brooks's trial testimony was a "surprise" because it was inconsistent with her affidavit and deposition testimony. Although Lieutenant Brook's testimony that Warden Marlin Peachey was not aware that the tests from the July 26, 2002, promotion board had been shredded and that Warden Peachey did not tell her that he did not want Ms. Admire to be

2

promoted is clearly inconsistent with her prior sworn statements, those inconsistencies are insufficient to constitute surprise within the meaning of Rule 60(b)(1). Plaintiff's counsel vigorously examined Lieutenant Brooks concerning the inconsistencies between her deposition and her trial testimony as well as the inconsistencies within her trial testimony. The jury was well aware of the Lieutenant Brooks's conflicting statements, and assessed her credibility with full knowledge of the inconsistencies.

"Rule 60(b)(3) provides a basis for relief from a judgment where the moving party presents clear and convincing evidence of fraud . . ., misrepresentation, or other misconduct of an adverse party." *MGM Well Servs., Inc. v. Mega Lift Systems, LLC*, 2007 WL 861098 (S.D. Tex. March 19, 2007)(quotations omitted). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transportation, Inc.,* 396 F.3d 632, 641 (5th Cir. 2005).

Plaintiff has offered no evidence suggesting that defendants engaged in any conduct which influenced the trial testimony of Lieutenant Brooks. Absent such evidence, Rule 60(b)(3) cannot provide a basis for the relief sought by plaintiff. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 28th day of August, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE